The City of Zion, Defendant in Error, *vs.* Richard Behrens, Plaintiff in Error.

*Opinion filed February 21, 1914—Rehearing denied April 9, 1914.*

Municipal corporations—*ordinance prohibiting smoking tobacco in public streets or parks is invalid.* An ordinance prohibiting the smoking of tobacco in certain specified places, including public streets and parks, without reference to any particular circumstances or conditions, is invalid in so far as it applies to such streets and parks, as being an unreasonable restraint upon the personal liberty of the citizens.

Writ of Error to the Circuit Court of Lake county; the Hon. Charles Whitney, Judge, presiding.

A. F. Beaubien, and W. H. Fabry, for plaintiff in error.

Theodore Forby, City Attorney, and C. P. Barnes, for defendant in error.

Mr. Justice Vickers delivered the opinion of the court:

On an appeal from a justice of the peace to the circuit court of Lake county, plaintiff in error was adjudged guilty of violating an ordinance of the city of Zion and a fine was imposed upon him. The trial judge certified that the validity of a municipal ordinance was involved and that the public interest required that an appeal be granted direct to this court, in pursuance of which this writ of error has been sued out.

The ordinance violated by the plaintiff in error is as follows:

"Sec. 1. That it shall be and hereby is declared to be unlawful for any person to smoke tobacco in any form, whether in a pipe or by the use of a cigarette, cigar or otherwise, in or upon any street, alley, avenue, boulevard, park, parkway, public passageway, depot, depot platform,

depot grounds, hospice, hotel, store, post-office, or other public building or public place within the said city of Zion.

"Sec. 2. That it shall be and hereby is declared to be unlawful for any person to have in his or her possession at any time, in or upon any street, alley, avenue, boulevard, park, parkway, public passageway, depot, depot platform, depot grounds, hospice, hotel, store, post-office, or other public building or public place within the city of Zion, any lighted pipe, lighted cigar or lighted cigarette."

The remainder of the ordinance imposes a fine of not less than $3 nor more than $100 for a violation of sections 1 and 2.

The errors assigned question the validity of sections 1 and 2 of the ordinance above set out, and the sole question involved is the validity of the ordinance.

The case was heard upon a stipulation which shows that the city of Zion has a population of about five thousand; that it covers six and three-quarters square miles and has one thousand acres of park lands within its limits; that no street in said city is less than sixty-six feet wide and there are four streets which are three hundred feet in width, running the full length of the city, and that all alleys are twenty-five feet wide; that Shiloh boulevard, where the smoking in question occurred, is three hundred feet wide.

An extended brief and argument have been filed by defendant in error, in which it is sought to sustain the validity of the ordinance under the police power granted to cities and villages. Many cases decided by this court sustaining various ordinances and statutes under the police power are cited and relied upon. None of the cases heretofore decided by this court go to the extent of sustaining the power of a city to pass an ordinance forbidding an act under all circumstances which can only be offensive or harmful to others under certain conditions. Recognizing that tobacco smoke is offensive to many persons, and in exceptional cases harmful to some, we have no doubt that

power exists to prohibit smoking in certain public places, such as street cars, theaters, and like places where large numbers of persons are crowded together in a small space. But this is quite a different matter from prohibiting smoking on the open streets and in parks of a city, where the conditions would counteract any harmful results. The personal liberty of the citizen cannot be interfered with unless the restraint is reasonably necessary to promote the public welfare.

The only case that has been called to our attention that lends any support to the defendant in error's contention is *Commonwealth* v. *Thompson,* 12 Metc. 231. In that case the Supreme Court of Massachusetts sustained a statute which made it an offense to smoke or have in one's possession a lighted pipe or cigar on any of the streets of the city of Boston. In that case the law was upheld on the ground that it tended to protect the city against damage from fire. This seems to be the only case in the United States where an ordinance or statute forbidding smoking of tobacco, in any form, on streets or public grounds has been sustained. While we have a very high regard for the decisions of the Supreme Court of Massachusetts, still we are constrained in this instance to decline to follow the doctrine of the *Thompson case.*

In *State* v. *Heidenhain,* 42 La. Ann. 483, the Supreme Court of Louisiana sustained an ordinance which forbade smoking in street cars as a nuisance, but that court carefully limited its decision to the conditions named in the ordinance. In the course of its opinion the court said: "Smoking, in itself, is not to be condemned for any reason of public policy. It is agreeable and pleasant,—almost indispensable,—to those who have acquired the habit, but it is distasteful and offensive,—sometimes hurtful,—to those who are compelled to breathe the atmosphere impregnated with tobacco in close and confined places." (See 3 McQuillin on Mun. Corp. sec. 902.)

It has been held that cities and villages may pass ordinances regulating, and providing for licensing, the sale of cigarettes under a general delegation of power authorizing the passage of all adequate police regulations which may be necessary or expedient for the preservation of the health or the suppression of disease. (*Gundling* v. *City of Chicago,* 176 Ill. 340.) The holding in the *Gundling case* was affirmed by the United States Supreme Court. (177 U. S. 183.) The Supreme Court of Tennessee held that cigarettes are not legitimate articles of commerce within the protection of the constitution of the United States, because they possess no virtue and are bad inherently. (*Austin* v. *State,* 101 Tenn. 563.) That decision was affirmed by the United States Supreme Court. (179 U. S. 343.) Notwithstanding the smoking of cigarettes, especially by young persons, is regarded as more offensive and harmful than the use of tobacco in any other form, still the Supreme Court of Kentucky held an ordinance void which forbade the "smoking of cigarettes within the corporate limits" of a city. *Herchley* v. *Barbourville,* 133 S. W. Rep. 985. See, also, 3 McQuillin on Mun. Corp. sec 921, and cases there cited.

It will be seen that the ordinance in question cannot be sustained on the ground that it tends to protect the property of the city from damage by fire. If the ordinance were limited to places where quantities of highly combustible materials were collected it would be less objectionable. In the broad language in which the ordinance is enacted it is apparently an attempt on the part of the municipality to regulate and control the habits and practices of the citizen without any reasonable basis for so doing. The ordinance is an unreasonable interference with the private rights of the citizen and must be held void.

The judgment of the circuit court of Lake county is reversed, and since there can be no judgment sustained under the ordinance the cause will not be remanded.

*Judgment reversed.*