## T. D. McFADIN v. CITY OF SAN ANTONIO.

### Decided November 8, 1899.

**1.   City—Liability for Arrest Made Under Ordinance.**

Since a city, in the enactment of an ordinance against suspicious characters, acts in its governmental capacity and in the exercise of its police powers, it will not be liable for damages to the reputation of one arrested, fined, and imprisoned under such an ordinance, even though the ordinance be void; and the motives of the mayor and city council in enacting the ordinance have no effect upon the rule.

**2.   Same—Damages Reduced Below Court's Jurisdiction.**

Where, in an action brought in the District Court against a city because of an arrest under a city ordinance, claiming damages to reputation and for actual expenses and for recovery of a fine, the city is held not liable for the damages to reputation, and the amounts of the other items is a sum not within the court's jurisdiction, the suit is properly dismissed.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*T. J. McMinn* and *Clamp & Harris,* for appellant.

*Geo. C. Altgelt,* for appellee.

JAMES, CHIEF JUSTICE.—Appellant alleged in substance that in January, 1898, he was arrested, and on February 1, 1898, convicted and fined $100 upon the charge of "suspicious character," the ordinance of the city defining such offense being as follows:

"An Ordinance Defining and Punishing Suspicious Characters: Be it ordained by the council of the city of San Antonio:

"Section 1.  All persons who entice any other person or persons to commit any irreputable act or deed; all persons found loitering about the city under suspicious circumstances or places and who are unable to give a proper account of themselves; all persons in the act of committing theft not amounting to a felony or misdemeanor, and all persons following any business by soliciting orders whereby the person or persons giving such orders are defrauded, that all such persons shall be considered suspicious characters.

"Sec. 2.  Any person found guilty of being a suspicious character as above defined shall, upon conviction, be fined in any sum not less than five nor more than two hundred dollars."

That he was committed to jail and there remained two days before he could secure the sum necessary to satisfy the fine, when, being credited with $2 for two days spent in jail, he paid the balance of the fine ($98), which went into the city treasury, and he was liberated.  That appellant soon afterward petitioned the mayor and council to remit said fine, which petition was never acted upon, and the city holds said sum, refusing to restore it to appellant.  That he was put to the necessary expense of $95 in his efforts to secure release from said imprisonment and the remission of said fine; that by reason of the said arrest, fine, and imprisonment, which he alleges was malicious, etc., he has been damaged in the above sums, and in his good name, fame, and reputation the sum of $25,-000, for all of which he prays judgment.

Demurrers to the petition were filed, stating the following grounds:

"1.  That said amended original petition states no cause of action against this defendant.

"2.  Because the allegations of said petition are too uncertain, in this, that it is not shown what officers of said city arrested the plaintiff.

"3.  Because it appears from the plaintiff's said petition that his cause of action accrued more than one year before the filing of this suit, on the 20th day of March, 1898, and is therefore barred by the statute of limitation of one year.

"4.  Because the facts alleged with reference to exemplary damages are too uncertain, and no facts are alleged entitling plaintiff to recover such exemplary damages."

The demurrers were sustained, and plaintiff declining to amend, judgment was rendered dismissing the action.

Upon the facts shown by the petition, it is clear that the city is not liable in damages for the action of its officers in arresting, convicting, and imprisoning appellant, even though the ordinance under which said acts were done, be void.  The nature of the act or acts complained of establishes that the city was acting in a governmental capacity, and attempting to exercise police powers.  In such matters the city is the representative of the State, and is not liable to individuals.  That the ordinance in question is unconstitutional or otherwise invalid, would not affect this rule.  We content ourselves with citing authorities upon this

question. Easterly v. Town of Irwin, 68 N. W. Rep., 919; Trescott v. Waterloo, 26 Fed. Rep., 592; New Orleans v. Kerr, 23 So. Rep., 386; Bartlett v. Columbus, 28 S. E. Rep., 599; Fox v. City of Richmond, 40 S. W. Rep., 251; Corsicana v. White, 57 Texas, 382; Harrison v. Columbus, 44 Texas, 418; Galveston v. Posnainsky, 62 Texas, 130; Givens v. Paris, 24 S. W. Rep., 974. We think the motives of the mayor and city council in enacting or enforcing the ordinance in question have no effect upon the rule.

This being so, the ruling of the court sustaining exceptions was correct, at least as to the item of $25,000 damages to appellant's reputation, occurring as alleged, by reason of the "malicious, unlawful, and wrongful and mercenary arrest, extortion, fine, and imprisonment." With that item out of the case, the petition did not claim enough to give the District Court jurisdiction. Under these circumstances the action of the court in dismissing the suit was not error. Haddock v. Taylor, 74 Texas, 216.

This is not a case where the plaintiff states a case entitling him to damages, and alleges excessive damages. As the court did not have jurisdiction to try the question of the city's liability to appellant for the fine paid and received by the city, or for the expenses incurred in the effort to have the money so paid restored, or both added, neither have we. We therefore do not feel called upon to pass on the validity of this ordinance, nor upon defendant's liability for appellant's money received by it, nor for the expenses in reference to efforts to secure a restoration of the money. The judgment of the District Court, however, should be qualified to show that the case was dismissed for want of jurisdiction, so that appellant may not be barred from proceeding in the proper court. As thus modified, the judgment will be affirmed.

*Modified and affirmed.*

Writ of error refused.