## Hershberg v. City of Barbourville.

(Decided February 3, 1911.)

Appeal from Knox Circuit Court.

1. A city ordinance making it unlawful for any person to smoke cigarettes in the city is an unwarranted restriction upon the right of the citizen to regulate his own personal habits, and is void. :

2. A person who is arrested and fined under a void ordinance enacted in the attempted exercise of the police power, cannot recover damages from the city for his arrest.

FRANK BAKER, J. M. WILSON and T. D. TINSLEY for appellant.

J. FRED CATRON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Barbourville is a city of the fifth class. The Board of Council of the city enacted the following ordinance:

"That if any person shall smoke a cigarette or cigarettes within the corporate limits of the city of Barbourville after such person shall have had actual notice of the passage of this ordinance, he shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than one dollar nor more than fifteen dollars, for each offense."

The police judge issued a warrant against Henry M. Hershberg, in which he was charged with having violated the ordinance by smoking cigarettes in the city. He was arrested by the Marshal under the warrant and taken before the police judge for trial. Upon a trial of the case he was found guilty and fined. He failed to pay the fine and was committed to jail upon its non-payment. Thereupon he brought this suit against the city alleging that the ordinance was illegal and void, and that he was unlawfully arrested and imprisoned by reason thereof to his damage in the sum of $5,000 for which he prayed judg-

ment. The circuit court sustained a general demurrer to his petition, and he declining to plead further, dismissed it. He appeals.

The circuit court in a written opinion held the ordinance void as an unreasonable invasion of the citizen's right of personal liberty. We concur in the conclusion that it is not a reasonable ordinance, and that the circuit court properly so held. (Commonwealth v. Campbell, 133 Ky. 50.) The ordinance is so broad as to prohibit one from smoking a cigarette in his own home or on any private premises in the city. To prohibit the smoking of cigarettes in the citizen's own home or on other private premises is an invasion of his right to control his own personal indulgencies. The city council is authorized by statute to enact and enforce all such local, police, sanitary and other regulations as do not conflict with general laws. (Ky. St. Sec. 3637, Sub. 7.) But under this power it may not unreasonably interfere with the right of the citizen to determine for himself such personal matters. If the council may prohibit cigarette smoking in the city, it may prohibit pipe smoking or cigar smoking, or any other use of tobacco. The Legislature did not contemplate conferring such power upon the council. If the ordinance had provided a penalty for smoking cigarettes on the streets of the city, a different question would be presented, but whether such an ordinance would be valid is a question not now presented or decided.

It is insisted for appellant that as the ordinance is void, his arrest was unwarranted, and the city is liable to him therefor. In support of this conclusion his counsel cites the case of McGraw v. Town of Marion, 98 Ky. 673, in which it was held that a recovery might be had against the municipality in a case like this. But that case was in effect overruled in Board of Park Commissioners v. Prinz, 127 Ky. 460, and as there shown, it is contrary to both the previous and subsequent decisions of the court. In Taylor v. City of Owensboro, 98 Ky. 271, a city ordinance provided a different penalty for an offense from that prescribed by the statute, and was for that reason held void. Taylor, who had been fined and imprisoned under the ordinance, sued the city for damages. The court held that Taylor had committed a public offense, and that this being shown by the warrant he had not been illegally imprisoned. The court then added:

"Had there been no statute imposing a fine etc., for a breach of the peace, then the question as to the effect

of such judgment would be a different question from the one presented in this case. However that would not affect the question as to the liability of the city. Municipal governments are auxiliaries of the State government. They are created principally to aid in securing a proper government of the people within the boundaries of such municipalities, and to make more effectual the maintenance of public order.''

In Bean v. Middlesboro, 22 R. 415, Bean was arrested under a city ordinance for selling watermelons without license. In disposing of the case, the court said:

''Though his arrest was unlawful, the city was not responsible for the tort of the police.''

See also to same effect Pollock v. Louisville, 13 Bush, 221. In Maydwell v. Louisville, 116 Ky., 885, Twyman v. Frankfort, 117 Ky., 518, Park Commissioners v. Prinz, 127 Ky., 470; Kippes v. Louisville, 140 Ky., 423; it was held that the city is not responsible in damages for the acts of any of its officers in the exercise of its governmental functions.

The city is a branch of the State government created by the legislature for local purposes. Legislative authority is conferred upon the city council in certain matters. Where the council acts in its legislative capacity for governmental purposes, the municipality is no more liable than the State would be for similar action taken by the Legislature. The ordinance in question was passed in the attempted exercise of the police power. Cigarette smoking being regarded by the council as injurious, especially to the young, it pased the ordinance in the attempted exercise of its governmental functions, and not in the line of its corporate business or its corporate affairs. The city is only liable for what the council does in the line of its corporate business or corporate affairs not relating to matters of a governmental nature. That a city is not liable in damages to a person arrested under a void ordinance passed in the exercise of its governmental functions, see McFadden v. San Antonio, 54 S. W. 48; Trammell v. Russellville, 34 Ark., 105, Caldwell v. Prunnelle, 57 Kan., 511; Bartlett vs. Columbus, 44 L. R. A., 795; Harrison vs. Columbus, 44 Texas, 418; Easterly v. Irwin, 99 Iowa, 694; Simpson v. Whatcom, 99 Am. St. Rep., 591; Masters v. Bowling Green, 101 Fed., 101; Chicago v. Turner, 80 Ill., 420; Grumbine v. Washington, 29 Am. Rep., 626; Bond v. Royston, 18 L. R. S., N. S., 409.

Appellant was not without remedy. He could have tested the validity of the ordinance by an action in court, if not by appeal; but he cannot ignore the judgment of the police court, and sue the city. The case of McGraw v. Town of Marion is overruled.

Judgment affirmed.