## CITY OF DESDEMONA v. WILHITE. (No. 297.)

Court of Civil Appeals of Texas. Eastland. July 1, 1927.

1. **Municipal corporations** &lowast;747(1)—City held not liable for officer's impounding animals under void ordinance, enacted in exercise of police power.

In action by a live stock owner against a city for its officer's having impounded plaintiff's animals running at large, fact that ordinance permitting impounding was void did not make the city liable, since cities are not liable in damages for the acts of officers in enforcing void ordinances, passed in an attempt to exercise police powers.

2. **Municipal corporations** &lowast;629—Ordinances prohibiting animals running at large and authorizing their impoundment are enacted in exercise of police power.

Ordinances prohibiting animals running at large and authorizing them to be impounded are enacted in the exercise of city's police power.

3. **Municipal corporations** &lowast;732—Cities are not liable for negligent execution of ordinances enacted in exercise of police power.

In action by live stock owner against a city for its officer's negligent execution of an ordinance permitting stock running loose to be impounded, *held*, that cities are not liable for

negligent execution of ordinances enacted in the exercise of police power.

4. **Municipal corporations** &lowast;744—Officers are liable for their negligent or oppressive acts in enforcing ordinances.

The officers of a city are liable for their negligent or oppressive acts in the enforcement of ordinances.

5. **Municipal corporations** &lowast;744—Officers are liable for damages inflicted in attempting to enforce void ordinance.

Officers of a city are liable for damages inflicted upon citizens and their property in attempting to enforce a void ordinance.

6. **Appeal and error** &lowast;719(1)—Where, in suit against city and officer jointly, dismissal as to latter left no cause of action, error was fundamental one which reviewing court must notice, though not assigned.

Where plaintiff sued a city and an officer thereof jointly on two counts, one for impounding animals under a void ordinance and the other for negligence in caring for impounded stock, he had no cause of action after dismissing as to the officer and court must notice and act upon such fact, though not assigned as error, the error being fundamental.

Appeal from Eastland County Court, at Law; Tom J. Cunningham, Judge.

Action by S. T. Wilhite against the City of Desdemona and W. O. McGuire. Dismissed as to defendant McGuire, with judgment for plaintiff, and defendant City appeals. Reversed and remanded.

S. W. Smith, of Desdemona, for appellant. Grisham Bros, of Eastland, for appellee.

PANNILL, C. J. The appellee's suit was to recover from the appellant and W. O. McGuire actual and exemplary damages arising from an alleged unlawful impounding and detention of certain animals belonging to appellee, by said McGuire, acting as city marshal and poundmaster for the appellant. The allegations are that the said McGuire took possession of said cattle under an ordinance of the city of Desdemona purporting to authorize and require the impounding of animals running at large in said city, and kept said animals in said pound from the 24th of January until the 15th of June, 1926; that by reason of the improper care of said animals they depreciated in value in the sum of $400. It was further averred that the city ordinance under which the said poundmaster acted was void, and that the poundmaster, as well as the appellant, acted willfully and with malice in impounding and detaining said animals after appellee made demand therefor immediately after the cattle were placed in the city's pound. The petition contains an alternative count to the effect that if the ordinance was not void or invalid, then the said defendants were guilty

of negligence in the manner in which they handled the live stock belonging to the plaintiff in that they wholly failed to properly care for, feed, and water said live stock, and that on account thereof plaintiff was damaged in an amount equal to the value of the animals in question. The defendants answered by a general denial, and, further, that the city marshal and poundmaster was acting under an ordinance of the city of Desdemona in impounding the animals which were running at large, and notified the appellee, but the appellee refused to pay the fees for impounding said live stock, and that preparations were in course to sell said animals for the fees, but on the petition of the appellee the city and its officers were restrained from so doing by an injunction issued in the cause.

On the trial appellee dismissed as to McGuire, and the cause was submitted on special issues as between appellant and appellee, in which the court instructed the jury that the stock law of the appellant city was invalid on the 1st of January, 1926, and thereafter. In answer to further issues it was determined that the appellees sustained actual damages by reason of the impounding and detention of his live stock in the sum of $305, and that appellant acted with malice in so doing, and that the plaintiff was entitled to $300 exemplary damages. From this judgment the appellant has prosecuted an appeal and presents two assignments, one to the overruling of its motion for continuance, and the other to the court's action in requiring the jury to answer that the stock law of appellant city was invalid. It is not necessary to discuss either of the assignments, as it is believed that the petition will not support a judgment on either theory as pleaded by appellee and is so radically defective that we are required to notice and declare its invalidity, though the question is not raised. Lissner v. Stewart et al. (Tex. Civ. App.) 147 S. W. 610; Stephenville, N. & S. T. R. Co. v. Western Coal & Mining Co., 60 Tex. Civ. App. 248, 127 S. W. 245; Dickerson et al. v. McConnon & Co. (Tex. Civ. App.) 248 S. W. 1084; Smith v. Nesbitt (Tex. Civ. App.) 235 S. W. 1104.

[1] As to the first ground of recovery relied on by appellee, it seems to be well settled that a city is not liable in damages for the acts of its officers in enforcing void ordinances, passed in an attempt to exercise its police power. McFadin v. City of San Antonio, 22 Tex. Civ. App. 140, 54 S. W. 48; Hershberg v. City of Barbourville, 142 Ky. 60, 133 S. W. 986, 34 L. R. A. (N. S.) 141, Ann. Cas. 1912D, 189; St. Louis, B. & M. Ry. Co. v. Vernon (Tex. Civ. App.) 161 S. W. 84; 5 McQuillin on Municipal Corporations, § 2640.

[2, 3] The authorities hold that ordinances passed by a municipal corporation under statutory authority prohibiting certain animals from running at large and authorizing the same to be impounded are enacted in the exercise of the police power of the city, and that such a corporation is not liable in damages for the careless and negligent execution of such an ordinance. Smith v. Arnold (Tex. Civ. App.) 251 S. W. 315, and authorities there cited.

[4, 5] Therefore a recovery could not be predicated on either count in appellee's petition. It is true that the officers of the city are liable for their negligent or oppressive acts in the enforcement of ordinances and are also liable for damages inflicted upon citizens and their property in attempting to enforce a void ordinance. Appellee had no case against the city and dismissed the city marshal, who alone could be held liable.

[6] It seems to be the rule that, where public policy or the public interest is involved, it is the duty of the court to notice fundamental error not assigned nor suggested in the briefs. Texas & P. Coal Co. v. Lawson, 89 Tex. 394, 32 S. W. 871; Id., 89 Tex. 394, 34 S. W. 919. Inasmuch as municipal corporations in the exercise of governmental powers are but agencies of the state, and as it seems to be a settled public policy in this state that municipal corporations are not to be held liable for the acts of their officers in attempting to enforce ordinances passed under the city's police power, it is, therefore, the duty of this court to notice the question of fundamental error presented by the record.

Therefore the judgment of the trial court is reversed and the cause remanded.