J. R. ELLIS V. CITY OF WEST UNIVERSITY PLACE ET AL.

No. 8143. Decided November 24, 1943.
(175 S. W., 2d Series, 396.)

*Mathes, Bonney & Clawson* and *Orrin H. Bonney,* all of Houston, for petitioner.

The Court of Civil Appeals erred in failing to award J. R. Ellis protection in the nature of damages for unlawful inter-

ference with his property rights, which protection is guaranteed to him by the Fourteenth Amendment to the Constitution of the United States. Nectow v. Cambridge, 277 U. S. 183, 72 L. Ed. 842, 48 Sup. Ct. 447; Pennsylvania Coal Co. v. Mahon, 260 U. S. 393, 43 Sup. Ct. 158, 67 L. Ed. 322, 28 A. L. R. 1321.

*Harvey T. Fleming,* of Houston, for respondent.

A city, town or village is not liable for damages resulting from its undertaking to enforce the police power granted to it by the State, for such function is governmental and not proprietary in its nature, and the law applicable to private persons and corporations or a city or town acting in a proprietary capacity, does not apply to such case. City of Dallas v. Smith, 107 S. W. (2d) 872; City of Waco v. Darnell, 35 S. W. (2d) 134; Thompkins v. Williams, 62 S. W. (2d) 70.

MR. JUDGE FOLLEY of the Commission of Appeals delivered the opinion for the Court.

This suit was brought by the petitioner, J. R. Ellis, against the respondents, City of West University Place and the Hartford Accident & Indemnity Insurance Company, for alleged damages arising out of the issuance of a temporary restraining order, a temporary injunction, and a supersedeas bond suspending the dissolution of the temporary injunction, in former litigation between the petitioner and the City wherein the petitioner was attempting to erect a business building on his lot in a part of the city declared by ordinance to be for residential buildings only. In a trial before the court without a jury judgment was rendered against the petitioner. This judgment was affirmed by the Court of Civil Appeals. 171 S. W. (2d) 178.

The City of West University Place is an incorporated city, and, prior to the inception of this suit, adopted a comprehensive zoning ordinance under the provisions of Art. 1011a, et seq. The property of the petitioner is located in a zone where business buildings are prohibited. On January 13, 1938, petitioner began the construction of a business building upon his lot. On January 22, 1938, upon the petition of the respondent City, a restraining order was issued from the 11th District Court of Harris County restraining the petitioner from constructing the building. In the issuance of the restraining order the City and the insurance company above named executed a bond in the sum of $250.00. On February 3, 1938, the District Court, after a hearing, granted a temporary injunction prohibiting the construction of the building. In the issuance of the temporary in-

junction the City and the insurance company executed a bond for $1,000.00. On March 29, 1938, in a trial upon the merits, the temporary injunction was dissolved, and, upon the cross action of the petitioner, the City was permanently enjoined from interferring with the construction of the building. The City appealed from such judgment to the Court of Civil Appeals at Galveston, and, with the insurance company as surety, executed another bond for $1,000.00, as fixed by the trial court, to supersede the final judgment dissolving the temporary injunction. On July 14, 1938, the Court of Civil Appeals affirmed the judgment of the trial court. 118 S. W. (2d) 907. On January 3, 1940, the judgment of the Court of Civil Appeals was affirmed by the Commission of Appeals in an opinion adopted by the Supreme Court. 134 Texas 222, 134 S. W. (2d) 1038. Immediately after the judgment of the Supreme Court became final, the petitioner re-entered his premises and completed the construction of his building which he had originally begun January 13, 1938.

In the present suit the petitioner claims certain items of damages which he alleges he sustained over the two-year period in which he was delayed by the former litigation in the construction of his building. Under our view of this case these items of damages become immaterial. The City was sued as principal and the insurance company as surety on the three bonds above mentioned. The respondents defended the suit upon the theory that in its conduct in the former litigation the City was in the exercise of its lawful police power and therefore not liable in damages in the performance of a valid governmental function. This theory was adopted both by the trial court and the Court of Civil Appeals. A writ of error was granted by this court upon the tenative theory that the Fourteenth Amendment of the Constitution of the United States guaranteed the petitioner proection in the nature of damages for unlawful interference with his property rights. Upon more mature deliberation, and for the reasons hereinafter stated, we have concluded that the City was not liable as principal and therefore no recovery could be had against it or its surety.

We think it is now settled in this state that, generally speaking, "municipal corporations have the right, under the police power, to safeguard the health, comfort, and general welfare of their citizens by such reasonable regulations as are necessary for that purpose." 30 Tex. Jur. 120, Sec. 58. It is also equally well settled that zoning ordinances fall within the police power of municipalities and that such power, "may be exerted to regulate

the use, and where appropriate or necessary prohibit the use, of property for certain purposes in aid of the public health, morals, safety, and general welfare, and that the constitutional limitations form no impedient to its exertion where the enactment is reasonable and bears a fair relationship to the object sought to be attained." Lombardo v. City of Dallas, 124 Texas 1, 73 S. W. (2d) 475, 481.

In Houston & T. C. Ry. Co. v. City of Dallas, 98 Texas 396, 84 S. W. 648, 652, 70 A. L. R. 850, on a similar question this court said:

"The contention is renewed in connection with the allegations of the answer that the facts stated therein show that the action sought by the city would constitute a taking and damaging of its property without compensation, and without due process of law. That compensation is not required to be made for such loss as is occasioned by a proper exercise of the police power has already been stated. It is equally true that the infliction of such loss is not a taking without due process of law. The exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. * * *."

The rule thus stated seems to obtain generally and finds sanction from the Supreme Court of the United States in the language taken from the headnotes of Chicago, B. & Q. R. Co. v. Illinois, 200 U. S. 561, 562, 23 Sup. Ct. 341, 50 L. Ed. 596, 4 Am. Cas, 1175, as follows:

"Uncompensated obedience to a regulation enacted for the public safety under the police power of the State is not taking property without due compensation, and the constitutional prohibition against the taking of private property without compensation is not intended as a limitation of the exercise of those police powers which are necessary to the tranquility of every well ordered community, nor of that general power over private property which is necessary for the orderly existence of all governments."

Likewise, in Chicago, B. & Q. R. Co. v. City of Chicago, 166 U. S. 226, 252, 17 Sup. Ct. 581, 41 L. Ed. 979, 990, the same court, in disposing of a similar question, also said:

"The plaintiff in error took its charter subject to the power of the state to provide for the safety of the public, in so far as the safety of the lives and persons of the people were involved in the operation of the railroad. The company laid its tracks subject to the condition necessarily implied that their use could be

so regulated by competent authority as to insure the public safety. And as all property, whether owned by private persons or by corporations, is held subject to the authority of the state to regulate its use in such manner as not to unnecessarily endanger the lives and the personal safety of the people, it is not a condition of the exercise of that authority that the safety shall indemnify the owners of property for the damages or injury resulting from its exercise. Property thus damaged or injured is not, within the meaning of the Constitution, taken for public use, nor is the owner deprived of it without due process of law. The requirement that compensation be made for private property taken for public use imposes no restriction upon the inherent power of the state by reasonable regulations to protect the lives and secure the safety of the people. * * *."

In our judgment there is nothing in this suit to bring it within the rule applied in eminent domain cases, where under Sec. 17 of Art. 1 of the Texas Constitution, adequate compensation is guaranteed for taking, damaging or destroying private property for public use. The property in question was not taken, damaged or destroyed by the City for either public or private use, nor was any dominion or control exercised over it in any manner by the municipality. The City merely exercised its lawful right of attempting to enforce its zoning ordinance, which authority is expressly vested in it by the provisions of Art. 1011h, Vernon's Ann. Civ. Stat. The fact that such ordinance, as applied to the petitioner's property, was determined to be unreasonable and unenforcible is immaterial. The City had the right to litigate that question. While doing so it was acting purely in its governmental capacity and merely attempting to exercise its police powers.

In the case of McFadin v. City of San Antonio, 22 Texas Civ. App. 140, 54 S. W. 48 (wr. ref.) it was held that municipality was not liable for damages even while attempting to enforce a void ordinance. To the same effect is the case of City of Desdemona v. Wilhite, 297 S. W. 874. This, we think, is a just rule, at least as applied to an ordinance not unreasonable or void on its face; otherwise a municipality would be compelled to enforce all ordinances at its own peril until their validity was judicially determined.

The rule of immunity from liability of a city in exercising governmental function extends to discretionary powers, and generally there is no liability for damages resulting either from the failure to exercise, the manner of exercising or for errors of judgment in exercising such discretionary powers of

a public nature, embracing judicial or legislative functions. 43 C. J. 928, Sec. 1704.

From what we have said it follows that no liability for damages exists against the City or the insurance company and the judgment of the Court of Civil Appeals will be affirmed.

Opinion adopted by the Supreme Court November 24, 1943.