Thomas W. SWAFFORD, Jr., Appellant,

v.

CITY OF GARLAND, Appellee.

No. 4589.

Court of Civil Appeals of Texas, Eastland.

Feb. 23, 1973.

Rehearing Denied March 16, 1973.

---

Blassingame, Hendley & Coker, B. F. Coker, Dallas, for appellant.

Robert E. Young, City Atty., Garland, for appellee.

WALTER, Justice.

Thomas W. Swafford, Jr., filed suit against the City of Garland for damages alleging a cause of action in tort founded on malicious prosecution growing out of a civil suit filed by the City against him. The City's motion for summary judgment was granted on the doctrine of sovereign immunity. Swafford has appealed and contends the court erred in granting such motion.

We find no merit in his contention that the application of the doctrine of sovereign immunity in this case is offensive to the equal protection and due process clauses of the State and Federal constitutions. We likewise find no merit in his contention that the alleged tort complained about was a proprietary function of the City and not a governmental function. In Ellis v. City of West University Place, 141 Tex. 608, 175 S.W.2d 396, at page 398 (1943), the Supreme Court said:

"In the case of McFadin v. City of San Antonio, 22 Tex.Civ.App. 140, 54 S.W. 48, writ refused, it was held that a municipality was not liable for damages even while attempting to enforce a void ordinance. To the same effect is the case of City of Desdemona v. Wilhite, Tex. Civ.App., 297 S.W. 874. This, we think, is a just rule, at least as applied to an ordinance not unreasonable or void on its face; otherwise a municipality would be compelled to enforce all ordinances at its own peril until their validity was judicially determined.

The rule of immunity from liability of a city in exercising governmental functions extends to discretionary powers, and generally there is no liability for damages resulting either from the failure to exercise, the manner of exercising or for errors of judgment in exercising such discretionary powers of a public nature, embracing judicial or legislative functions. 43 C.J. 928, Sec. 1704."

The judgment is affirmed.