Charles D. CRONEN, Appellant,

v.

NIX and the City of Galena Park et al., Appellees.

No. 17769.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 23, 1980.

Rehearing Denied Dec. 11, 1980.

Charles D. Cronen, pro se.

Butler, Binion, Rice, Cook & Knapp, Bryon Lee, Houston, W. B. Irwin, Jr., Galena Park, for appellees.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from an order granting all defendants summary judgment on a false imprisonment suit.

The judgment as pertains to the City of Galena Park will be affirmed and as to all other parties will be reversed and remanded.

On August 24, 1977, appellant was arrested by appellee Jim Nix in the City of Galena Park for allegedly running a red light. After appellant refused or was unable to supply Officer Nix with a home address, he was taken to the police station and required to post a cash bond. Being unable to do so, he was held for approximately ten hours before an attorney arrived and made the required bond. There are no allegations of physical abuse or property damage. Appellant seeks damages for mental anguish and lost wages, among other things, because of the alleged unlawful detention.

Appellant, acting pro se, urges ten points of error, as follows:

1. That the court erred in denying his motion to record the summary judgment proceedings.

2. That the court erred in denying his written motion for continuance.

3. That the court erred in upholding the doctrine of immunity contrary to the common law of England.

4. That the court erred in upholding the doctrine of immunity, which was not the common law of England, by infringing on the province of the legislature.

5. That the court erred in upholding the doctrine of immunity, which was an unreasonable classification among tort feasors.

6. That the court erred in failing to allow him to complete his argument on the law before sustaining summary judgment.

7. That the court erred in failing to review his motion for judicial notice of the common law of England within the time allowed to reform his judgment and thereafter to reform that judgment.

8. That the court erred in sustaining summary judgment based upon a doctrine of immunity.

9. That the court erred in sustaining summary judgment for all appellees which included the peace officers.

10. That the court erred in sustaining summary judgment for appellees when appellant had raised a fact issue.

■ A hearing on a motion for summary judgment is purely one of law. Nor oral testimony is allowed and the court must decide whether the movant is entitled to judgment based on the pleadings, depositions, answers to interrogatories and admissions, together with any affidavits. These instruments are the same ones which will be reviewed by this court. A record would

neither enhance nor detract from either party's case on appeal because we could no more consider oral testimony than could the trial court. Appellant's first point of error is overruled.

██ Appellant's Motion for Continuance presented to the trial court alleged that he was not ready because of the other personal matters and law cases that he had pending and that there was insufficient time for him to prepare for the summary judgment proceedings. Denial of a motion for continuance based on lack of time to prepare for trial is not an abuse of discretion. *Niles v. Dean*, 363 S.W.2d 317 (Tex.Civ.App.—Beaumont 1962, no writ). Appellant was notified of the date of the summary judgment proceeding in excess of the 21 days required by Rule 166–A. Tex.R.Civ.P. He alleged no specific reason for continuing the hearing which would constitute an abuse of discretion by the court in denying the continuance. This point is overruled.

██ Appellant's third, fourth, fifth and eighth points of error complain of the trial court's upholding the doctrine of governmental immunity. These points are overruled. It is settled that except for those actions permitted under the Texas Tort Claims Act, art. 6252–19 et seq., V.A.C.S., municipalities are immune for the negligent actions of its employees when they are acting in a governmental capacity. *Schultz v. City of Houston*, 551 S.W.2d 494, (Tex.Civ. App.—Houston [14th Dist.] 1977, no writ). It is also well settled that the operation of a police department is a governmental function. *Ellis v. City of West University Place*, 171 S.W.2d 178, (Tex.Civ.App.—Galveston 1943, aff'd, 141 Tex. 608, 175 S.W.2d 396.) Further, Section 14(10) of the Texas Tort Claims Act specifically excludes claims of false imprisonment from the actions allowed against a municipality.

Appellant's ninth point of error complains that the trial court erred in granting summary judgment for all appellees including the police officers. This point of error is sustained.

██ A person who detains another unlawfully is liable for false imprisonment. Liability extends to anyone who participates in the unlawful detention or who directs or requests the detention. 25 Tex.Jur. § 25. False Imprisonment. This includes peace officers. In Texas, the essential elements of false imprisonment are a wilful detention of the person, a detention without authority of law, and a detention against the consent of the party detained. 25 Tex. Jur., § 3. False Imprisonment. Sec. 153 of art. 6701d, V.A.C.S. authorizes a peace officer to arrest without a warrant any person found committing a traffic violation. *Ciulla v. State*, 434 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ.) Sec. 147 of 6701d provides that one arrested for a misdemeanor under the act shall be immediately taken before a magistrate when the person arrested demands an immediate appearance.

Sec. 148 of art. 6701d provides that (a) "Whenever a person is arrested for any violation of this act punishable as a misdemeanor, and such person is not taken immediately before a magistrate, as hereinbefore required, the arresting officer shall prepare in duplicate, written notice to appear in court . . ."

"(d) The arrested person in order to secure release as provided in this section, must give his written promise so to appear in court by signing in duplicate, the written notice prepared by the arresting officer . . . Thereupon, said officer shall forthwith release the person arrested, from custody."

██ The test for determining whether the officer complied with the statute is whether the conduct of the police was reasonable. *Roberts v. Bohac, et al.*, 574 F.2d 1232, (5th Cir. 1978).

██ Appellant's case against the officers rests largely on fact. Even if the arrest is assumed to be legal, in order to entitle themselves to a summary judgment, the appellee officers would need to prove that not only was the arrest and detention lawful, but that the period of time which appellant was detained was reasonable un-

der the circumstances, in light of the statute authorizing such arrest and detention. These are fact issues which are extremely difficult to prove as a matter of law, except through the admission of a plaintiff, and in our case, such facts were not proved as a matter of law.

The order granting summary judgment in favor of the City of Galena Park is affirmed, and that part of the order granting summary judgment in favor of the other defendants is reversed and remanded.