Morris E. DAVIS, Appellant,

v.

The CITY OF SAN ANTONIO, Texas, Appellee.

No. 04–86–00362–CV.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1987.

Rehearing Denied Oct. 7, 1987.

Daniel R. Rutherford, Tamara L. Kinnie, San Antonio, for appellant.

David B. Casas, San Antonio, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Morris E. Davis, appeals from a June 9, 1986, order of the lower court granting the defendant City of San Antonio's (City) motion for judgment notwithstanding the verdict. We affirm.

On April 7, 1980, plaintiff was fired from his position as the Superintendent of Park Maintenance for the defendant City's Park's and Recreation Department, after numerous items of City-owned property, including tools, light fixtures, and toilet tissue, were discovered at a residence that he owned. Plaintiff did not appeal his dismissal to the San Antonio Municipal Civil Service Commission.

A Bexar County Grand Jury returned an indictment against plaintiff on June 10, 1981, charging him with the felony offense of Official Misconduct. The charges against plaintiff were dismissed on motion of the District Attorney, on December 20, 1982.

The petition in this case originally alleged causes of action for violation of civil rights under 42 U.S.C. § 1983, malicious prosecution, defamation, and conversion. At the close of plaintiff's case in chief the trial court directed a verdict in favor of defendant on all causes of action except

malicious prosecution, which was submitted to the jury. After the jury returned a verdict in favor of plaintiff the trial court granted defendant's motion for judgment n.o.v. on the ground that defendant was immune from liability for malicious prosecution.

Plaintiff argues that the trial court erred in (1) holding that defendant is immune from suit for malicious prosecution; (2) granting defendant's motion for directed verdict on plaintiff's § 1983 action; and (3) permitting defendant to raise the defense of governmental immunity after return of the jury's verdict. We find no reversible error.

■ Even if we assume that defendant was acting in a proprietary capacity when it caused criminal proceedings to be brought against plaintiff, defendant is not liable.

■ Malicious prosecution is an intentional tort. *Rainey v. Old,* 180 S.W. 923, 925 (Tex.Civ.App.—Texarkana 1915, writ ref'd). Immunity from suit for claims arising out of intentional torts is preserved for governmental units under § 101.057(2) of the Civil Practices and Remedies Code. TEX.CIV.PRAC. & REM.CODE ANN. § 101.057(2) (Vernon 1986). The trial court did not err in granting the defendant City's motion for judgment n.o.v., because defendant is immune from liability for the tort of malicious prosecution. *Swafford v. City of Garland,* 491 S.W.2d 175 (Tex.Civ. App.—Eastland 1973, writ ref'd n.r.e.).

The trial court correctly granted defendant's motion for a directed verdict on plaintiff's cause of action under 42 U.S.C. § 1983.

In *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978), the Supreme Court held that municipal liability under 42 U.S.C. § 1983 is limited to deprivations of federally protected rights by action taken "pursuant to official municipal policy of some nature...." The Court concluded that a municipality could not be held liable in a § 1983 action under the doctrine of respondeat superior or on any theory of vicarious liability. By requiring the plaintiff to establish that the deprivation of his civil rights resulted from a municipality's "official policy" the Supreme Court distinguished between the acts of the municipality and the acts of the municipality's employees. The municipality is liable only for those acts that it officially sanctions or orders.

■ In appropriate circumstances a single incident of conduct by municipal agents acting in furtherance of an official policy will result in § 1983 liability, as will a single decision by a municipal policymaker. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Plaintiff does not precisely identify the act of defendant that violated his civil rights. The gist of his complaint appears to be that he "was capriciously terminated from his position ... without opportunity for a hearing or notice thereof."

■ Rule XVII, § 2, of the Municipal Civil Service Rules of the City of San Antonio provides that no employee of the City may be suspended or removed by the city manager except for violation of § 3 of Rule XVII, which specifies eighteen grounds for suspension, removal, or demotion of a classified civil service employee. The civil services rules give rise to an expectation of continued employment that is sufficient to constitute a property interest. *Bueno v. City of Donna,* 714 F.2d 484, 492 (5th Cir.1983). Plaintiff could be discharged only for cause and was not an at will employee. Therefore, he had a property interest in continued employment that is entitled to constitutional protection. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). That property interest was accorded sufficient protection in this case.

■ The Civil Service Rules require that employees be given notice of cause for termination and an opportunity to appeal their discharge to the Civil Service Commission. The San Antonio City Code requires that the Commission hold a hearing at which the employee may compel the attendance of witnesses and the production of all

pertinent documents. The appeal procedure set forth in the City Code comports with due process and sufficiently protected plaintiff's property interest in his employment. Plaintiff chose not to pursue his right to appeal his discharge. Due process is not denied where a litigant is afforded an opportunity to rebut charges that lead to his termination but voluntarily decides not to do so. *Davis v. Nuss,* 432 F.Supp. 44, 48 (S.D.Tex.1977); *City of Houston v. Dillon,* 596 S.W.2d 212, 214–15 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■ Defendant did not waive the defense of governmental immunity by not raising it until its motion for judgment n.o.v. TEX.R.CIV.P. 94. In *City of Houston v. Bush,* 566 S.W.2d 33, 35–36 (Tex.Civ. App.—Beaumont 1978, writ ref'd n.r.e.), it was held that the defendant municipality had waived the defense because a question of fact existed as to whether the City was engaged in a governmental function and the City had not objected to the failure of the trial court to submit the issue to the jury. In the present case, the applicability of the defense does not depend upon any finding of fact. If the City has immunity it is as a matter of law.

In *City of Dallas v. Moreau,* 718 S.W.2d 776, 778–79 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.), the court held that the trial court erred in not granting a municipality's motion for judgment n.o.v. where the material facts of the case were not in dispute and there was no evidence that the city was engaged in anything other than a governmental function. Similarly, there is no factual dispute in this case that would preclude judgment notwithstanding the verdict. The City is immune from liability for malicious prosecution as a matter of law. The failure of the defendant to plead the defense in its answer to plaintiff's petition did not waive it under the facts of this case. *City of Houston v. Arney,* 680 S.W.2d 867, 874–75 (Tex.App.— Houston [1st Dist.] 1984, no writ).

The defendant has raised several cross points that we do not address in view of our resolutions of the points of error briefed by plaintiff.

The judgment of the trial court is affirmed.