Morris E. DAVIS, Petitioner,

v.

CITY OF SAN ANTONIO, Respondent.

No. C–6970.

Supreme Court of Texas.

June 1, 1988.

Rehearing Denied July 6, 1988.

Daniel R. Rutherford, Law Offices of Dan Rutherford, San Antonio, for petitioner.

Lloyd Garza and David B. Casas, City Attys. Office, San Antonio, for respondent.

KILGARLIN, Justice.

The principal issue in this malicious prosecution case is whether the City of San Antonio waived the defense of governmental immunity by failing to affirmatively plead it. After the trial court rendered judgment n.o.v. for the City, the court of appeals affirmed, holding that the City was immune from liability to its former employee, Morris E. Davis, despite the failure to plead the defense of governmental immunity. 739 S.W.2d 394. We hold the defense was waived and therefore reverse the judgment of the court of appeals.

Morris E. Davis served for many years as a superintendent for the City's parks and recreation department. After numerous items of city-owned property were discovered at his residence, he was fired. Davis was later indicted by a grand jury on the felony charge of official misconduct. One and a half years later, all charges were dismissed on motion of the prosecuting attorney. Davis then filed this suit against the City alleging causes of action for malicious prosecution, violation of civil rights under 42 U.S.C. § 1983, defamation, and conversion.

The trial court directed a verdict in favor of the City on all causes of action except malicious prosecution, which was submitted to the jury. After the jury returned a verdict in favor of Davis, the trial court granted the City's motion for judgment non obstante veredicto on the ground that the City was immune from liability for mali-

cious prosecution. Despite the fact that the City had never pleaded immunity in response to Davis' petition, the court of appeals affirmed the judgment of the trial court. Concluding that the City was immune from liability for malicious prosecution as a matter of law, the court of appeals held that "[t]he failure of the defendant to plead the defense in its answer to plaintiff's petition did not waive it under the facts of this case." 739 S.W.2d at 397.

We consider it established that governmental units litigate as any other party in Texas courts and must observe the same rules that bind all other litigants, which include the laws and rules governing pleadings and burden of proof. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 7–8 (Tex.1974), citing *Texas Co. v. State*, 154 Tex. 494, 505, 281 S.W.2d 83, 90 (1955). Rule 94 of the Texas Rules of Civil Procedure requires that in pleading to a preceding pleading, a party "shall" set forth affirmatively any matter constituting an avoidance or affirmative defense. Having not met its pleading burden under Tex. R.Civ.P. 94, the City is not entitled to avoid liability on the ground of governmental immunity.

When the Rules of Civil Procedure were adopted in 1941, the ultimate object of changes in rules of pleading "was to require a litigant, insofar as reasonably possible, to put openly in issue on the trial of a case all of the reasons, in fact and in law, why the other party should not prevail." *First National Bank v. Zimmerman*, 442 S.W.2d 674, 677 (Tex.1969), citing *T.I.M.E., Inc. v. Maryland Casualty Co.*, 157 Tex. 121, 300 S.W.2d 68 (1957). The City did not do that but instead waited until after the case was tried to a verdict before asserting governmental immunity in its motion for judgment n.o.v.

In support of its ruling on the waiver issue, the court of appeals cited *City of Houston v. Arney*, 680 S.W.2d 867, 874–75 (Tex.App.—Houston [1st Dist.] 1984, no writ). In that case, the city's answer was stricken as a discovery sanction, and the trial court rendered a default judgment for Arney in excess of the limits of liability

provided in the Texas Tort Claims Act. There is no indication from the opinion that the City of Houston failed initially to plead that Arney's recovery, if any, would be subject to the statutory limits. In any event, we do not read *Arney* as authority for the proposition that governmental immunity may be relied upon to avoid liability without an affirmative pleading as required by Tex.R.Civ.P. 94.

The City of San Antonio also brings to our attention the decisions in *City of Dallas v. Moreau*, 718 S.W.2d 776 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.), and *City of Brownsville v. Pena*, 716 S.W.2d 677 (Tex.App.—Corpus Christi 1986, no writ). Our review of the record in *Moreau* reveals that the city *did* plead immunity in that case, and the case is therefore distinguishable. In *City of Brownsville v. Pena*, the court concluded that the city failed to preserve its sovereign immunity defense by failing to plead it, submit issues on it, or raise it in its motion for judgment. 716 S.W.2d at 680. We disapprove any implication in *Pena* that a motion for judgment n.o.v. by itself could preserve a governmental defense in the absence of an affirmative pleading as required by Tex.R. Civ.P. 94. We agree instead with the rule stated in *Terrell v. Cockrell*, 286 S.W.2d 950, 954 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.), that the defendant "waived any right he might have had to [rely on doctrine of charitable immunity] for he did not plead affirmatively in connection with such defense."

■ During oral argument, the City urged that governmental immunity is different from other defenses because the trial court allegedly lacks jurisdiction to hear a claim for damages outside the legislature's waiver of sovereign immunity. The City cites *Duhart v. State*, 610 S.W.2d 740 (Tex.1980), as affirming a trial court's order of dismissal for want of jurisdiction in a case for which immunity had not been waived. However, in that case the State expressly claimed sovereign immunity and filed a special exception and plea in abatement which were sustained. We do not read our opinion in *Duhart* as holding that the trial court lacked subject matter jurisdiction of the case and that any judgment rendered for the plaintiff would have been void. We further perceive no unfairness in requiring governmental units to plead their immunity in order to avoid liability on that ground. By enactment of the Tort Claims Act in 1973, the Texas Legislature expressly waived immunity to suits by injured claimants and consented to liability under specified circumstances. We conclude that sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants. Instead, erroneous judgments against governmental units may be corrected, as in other cases, on appeal.

■ Having concluded that the City waived any defense of governmental immunity, we turn next to the cross-points urged by the City in its response brief before our court. Our review of the record reveals that the City's brief in the court of appeals assigned no evidence and insufficient evidence cross-points attacking the jury's findings on Davis' cause of action for malicious prosecution. *See* Tex.R.Civ.P. 324(c). In its original response brief to our court, the City requested that we consider the cross-points it assigned in the court of appeals as alternative grounds for affirming that court's judgment. However, the City's brief in our court went on to list only four of the eight cross-points it assigned in the court of appeals. Only the no evidence cross-points were urged on our court, and there was no prayer for a remand to the court of appeals should we reverse its judgment.

After oral argument, during which the City was questioned extensively as to why it had not brought forward its insufficiency cross-points, the City submitted a "supplemental" response brief. Citing *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 729 S.W.2d 300 (Tex.1987), and Tex. R.App.P. 185, the City now asks that we remand its insufficiency cross-points for consideration by the court of appeals in the event of a reversal. This request (like the City's motion for judgment n.o.v. on immunity grounds) comes too late.

Texas Rule of Appellate Procedure 136(d) requires the City, as respondent, to confine its response brief to (1) reply points that answer the points in the application or that provide independent grounds for affirmance, and (2) such cross-points that respondent has preserved and that establish respondent's rights. Our rules also provide that the respondent's brief, like the petitioner's, should clearly state the nature of the relief sought. Tex.R.App.P. 136(b), 131(g). Response briefs in the supreme court may be amended at any time, but only "when justice requires upon such reasonable notice as the court may prescribe." Tex.R.App.P. 136(g).

As stated above, the City's original response brief in our court did not bring forward its insufficiency cross-points as permitted by Tex.R.App.P. 136(d). The explanation for this omission, according to the City's attorney during argument, was his understanding that the supreme court has no jurisdiction to consider factual sufficiency of the evidence. Relying upon Tex. R.App.P. 185 and *Inpetco, supra,* the City urges it is now entitled to correct its procedural deficiencies and secure a remand to the court of appeals. Neither Rule 185 nor *Inpetco* requires us to remand as requested by the City. We construe the City's "supplemental" response brief as a motion to amend its response to Davis' application for writ of error, and leave is hereby denied.

In *Inpetco,* a bank sued on a note, and the trial court granted the bank's motion for summary judgment. Inpetco appealed and assigned a single point of error. The court of appeals affirmed the trial court's summary judgment because Inpetco failed to comply with the briefing requirements in Tex.R.App.P. 74. Although our court refused Inpetco's application, noting "no reversible error," a majority of the court disapproved that portion of the court of appeals opinion stating that Inpetco waived its point of error by failing to comply with the briefing rules. *Inpetco, Inc. v. Texas American Bank/Houston N.A.,* 729 S.W. 2d 300 (Tex.1987). Citing Tex.R.App.P. 83 (the court of appeals counterpart to Tex.R. App.P. 185), we concluded that the court of appeals should not have affirmed based on Inpetco's briefing inadequacies without first ordering Inpetco to rebrief. *Id.* That holding was consistent with our recent decisions emphasizing liberal construction of the briefing rules. *E.g., Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *see* Tex.R.App.P. 131(e), 74(d) (points sufficient if they direct court's attention to the error relied upon).

While we stand by our decisions urging liberality in construction of briefs, we nevertheless conclude that *Inpetco* is distinguishable and neither it nor Appellate Rule 185 requires us to remand this cause to the court of appeals. In *Inpetco,* the appellant at least had a point assigning error in the trial court's rendition of summary judgment. In the present case, the City has once again delayed in asserting its rights. The City waited until after Davis' arguments were heard before informing Davis and this court that it would seek a remand on its insufficiency cross-points should the judgment of the court of appeals be reversed. We do not believe that "justice requires" us in this case to permit amendment of the City's response brief at this stage of the appeal. Tex.R.App.P. 136(g). We decline to accept the City's belated request for a remand of its insufficiency cross-points.

We would additionally note that we are not affirming or reversing a judgment "for defects or irregularities in *appellate* procedure" within the language of Tex.R.App.P. 185. Our judgment of reversal is not based on irregularities in appellate procedure but rather on the City's failure in the trial court to affirmatively plead its immunity defense. This interpretation is consistent with an earlier one given by the Subcommittee on Interpretation of Rules of Civil Procedure from January 1942 through December 1944. Construing identical language in former Tex.R.Civ.P. 504 (now Tex.R.App.P. 185), the Subcommittee concluded that "[t]his mandatory provision for amendment only applies ... where the court *bases* its action upon some such fault" (emphasis in original). Advisory Opinions of Subcommittee on Interpreta-

tion of the Texas Rules of Practice and Procedure in Civil Cases, 8 Tex. B.J. 6, 30 (Jan. 1945). Obviously our decision not to remand (as distinguished from our reversal on the pleading waiver) is based, at least in part, on defects or irregularities in the City's appellate procedures. Again, however, we agree with an advisory opinion by the same Subcommittee referenced above:

[A] proper practice on behalf of a party whose appellate contentions have not been considered on account of fault in briefing may and, when he actually has a meritorious contention, should be [a] motion to amend.

Synopses of Advisory Opinions, 7 Tex.B.J. 281, 283 (Sep. 1944).

As stated previously, we have already determined to treat the City's "supplemental" brief as a motion to amend its response. (We note there is no express authority for supplementation, as opposed to amendment, of briefs in the supreme court. *See* Tex.R.App.P. 131(h), 136(g); *compare* Tex.R.App.P. 74(*o* ).) Justice does not require us to permit amendment on the facts of this case. Tex.R.App.P. 136(g). We hold the City has failed to preserve any right to a remand on its insufficiency cross-points. The City's no evidence cross-points are properly before us and within our jurisdiction. We now address each in turn.

■ The City first alleges there was no evidence to support the jury's finding that the City of San Antonio, through its employees, caused, aided, or contributed to the criminal prosecution of Morris E. Davis. In reviewing this and other no evidence points, we consider only the evidence and inferences which support the challenged jury finding, and we disregard all contrary evidence and inferences. *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 593 (Tex.1986). The City's parks and recreation director, Ron Darner, testified that he prepared a memorandum (and had it approved by the city attorney's office) to the effect that Davis was relieved of duty with pay pending an investigation. The director also agreed on cross-examination that Davis reported three consecutive days, not to his job but to the internal police department for the City. A City investigator questioned Davis and recorded the conversation. This occurred after a City police officer and others from the city attorney's office escorted Davis to his property to search the premises. In addition, the City's brief in our court concedes that its own police department communicated the allegations about Davis to the district attorney. We hold there was some evidence supporting the jury's finding that the City caused, aided, or contributed to the criminal prosecution of Davis.

■ The City next contends there was no evidence supporting the jury's finding that the City, in causing or contributing to the criminal prosecution, did so when there was no probable cause to believe Davis was guilty. We disagree. Other City employees testified that Davis was doing nothing out of the ordinary and his supervisors were well aware that he kept city property at home and elsewhere so that he could get to it after business hours. There was testimony that Lou Hamilton, another superintendent for the City, told Davis he was to be able to produce two dozen chairs for city events twenty-four hours a day on thirty minutes notice. Davis did not have a key to the city warehouse and could not get in after hours. Also, Ron Darner testified that he did not think Davis was going to use City property personally for his own gain. Thus, there was at least some evidence supporting the jury's finding that there was no probable cause to believe Davis guilty of the criminal charge.

■ The City's next argument is that Davis offered no evidence of malice. Again, we disagree. There was testimony that despite many cases of alleged theft by City employees, the police had been called in only three times in the past twenty-two years. In addition, Ron Darner testified that other employees were given an opportunity to return City property without losing their jobs. There was at least circumstantial evidence from which the jury could infer a malicious attempt to fire Davis without justification and cause him to be criminally prosecuted. The jury was entitled on this record to find that the City acted with malice.

Lastly, the City argues Davis offered no evidence that the criminal prosecution against him was terminated in his favor *on the merits*. We reject this argument. The City has not cited, nor have we found, any case absolutely requiring a termination on the merits, e.g., a verdict of "not guilty," as a necessary element of a cause of action for malicious prosecution. Instead, the essential question seems to be whether "the proceedings have terminated in favor of the accused." Restatement (Second) of Torts § 653(b) (1977). Even when the termination is indecisive as to the accused's guilt, it is nevertheless favorable if the prosecution cannot be revived. *Id.* at § 660, comment g. An exhibit admitted at trial indicates that the prosecuting attorney formally requested dismissal of all charges against Davis because of limitations problems. There was some evidence supporting the jury's finding that the criminal proceedings were terminated in favor of Davis.

In summary, we hold that the City waived any immunity defense by failing to affirmatively plead it. We further hold there was more than a scintilla of evidence supporting the jury's findings on Davis' cause of action for malicious prosecution. We reverse the judgment of the court of appeals and remand this cause to the trial court with instructions to render judgment for Davis in accordance with the jury's verdict.

GONZALEZ, J., concurs and dissents in an opinion joined by PHILLIPS, C.J., and WALLACE and CULVER, JJ.

GONZALEZ, Justice, concurring and dissenting.

## CONCURRING AND DISSENTING OPINION

I agree that the City waived its defense of governmental immunity by failing to affirmatively plead it. Therefore, I concur in reversing the judgment of the court of appeals. However, I disagree with the court's refusal to remand the cause to the court of appeals for consideration of the City's insufficiency cross-points because of defects or irregularities in appellate procedure. This elevates form over substance and is contrary to our recent decision in *Inpetco, Inc. v. Texas American Bank/Houston N.A.*, 729 S.W.2d 300 (Tex. 1987), and Tex.R.App.P. 185.[1] I would remand the cause to the court of appeals for consideration of the City's insufficiency points.

The only justification set forth by the majority for denying the City's motion to amend its brief is that it "comes too late." This explanation is no explanation at all, for by its very definition an amended brief is one which is submitted at some time after the filing of the original brief. Tex. R.App.P. 136(g) provides that a respondent's brief "may be amended at any time when justice requires upon such reasonable notice as the court may prescribe." I believe that the cause of justice is better served by allowance of leave for the City to amend its response.[2]

The court has traditionally been liberal in permitting amendments, even to the point of allowing an amendment after writ has been granted. *See, e.g., Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904 (1942). *See also* Calvert, *Application for Writ of Error* in APPELLATE PROCEDURE IN TEXAS § 27.7, at 612 (2d ed. 1979). I do not believe the City has "laid behind the log" or acted mischievously in failing to include insufficiency cross-points in their response and an alternative prayer for remand. Ineptness or a blunder by the City Attorney in this case is no justification for circumventing the process.

---

1. Rule 185 provides "The Supreme Court will not affirm or reverse a judgment or dismiss a writ of error for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities."

2. During oral argument, the City requested that in the event of reversal, we remand to the court of appeals for consideration of its insufficiency points. The City requested at that time leave to file a supplemental brief to memorialize the oral request and this request was granted from the bench. We should not penalize the City because the majority has second-guessed itself.

It is important to note that the failure of a respondent to file a response will not preclude this court from denying a petitioner's application for writ of error, nor will it prevent the court from remanding the cause if the application is granted. As explained by Justice Calvert:

> [W]hen the party prevailing in the [court of appeals] had before that Court other points not considered by the Court ... which, if sustained, would lead to an *affirmance* of the judgment of the [court of appeals], such other points *should* be called to the attention of the Supreme Court in the answer to the application for writ of error.
>
> This action is not prerequisite to review of the points but it is of great convenience to the Court and will prevent any possibility of their being overlooked.

Calvert, *Some Problems of Supreme Court Review*, 21 Tex.Bar J. 75, 112 (1958). In light of this rule of review, I believe it is hyper-technical for the majority to say that if a response is filed, the court is limited in disposing of the case by the arguments briefed and relief prayed for. Otherwise, the respondent would have been better off not filing any response at all.

The majority has conceded that its decision of reversal is based "at least in part" on the irregularity of the City's brief in failing to include its insufficiency points. Since these points have been preserved in accordance with Tex.R.App.P. 136(d),[3] I would allow the City's amendment. *Moore v. Dilworth*, 142 Tex. 538, 179 S.W.2d 940 (1944); *Cochran v. Wool Growers Central Storage Co., supra.*

Under *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964), when this court reverses a court of appeals' judgment, the respondent is entitled to have the cause remanded to the court of appeals for consideration of any points not disposed of below. By failing to remand for consideration of the City's insufficiency cross-points, the court has done violence to this long-standing principle of justice.

3. Rule 136(d) provides: Respondent shall confine his brief to reply points that answer the points in the application for writ of error or that

I am baffled by the majority's refusal to remand the cause to the court of appeals. The citizens of San Antonio have as much right as any other litigant to have a court of appeals pass on their challenge that the jury findings are not supported by sufficient evidence. The majority's decision does not comport with my sense of justice which is to give to every party their due.

PHILLIPS, C.J., and WALLACE and CULVER, JJ., join in this concurring and dissenting opinion.

provide independent grounds for affirmance and to such cross-points that respondent has preserved and that establish respondent's rights.