**TEXAS DEPARTMENT OF TRANSPORTATION,**
Appellant,

v.

**Reimundo GUERRA, Appellee.**

**No. C14–92–00492–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 8, 1993.
Rehearing Denied Aug. 5, 1993.

Joy M. Soloway, Houston, for appellant.

Tom Letbetter, George Payne, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Appellee Reimundo Guerra, a construction worker, suffered severe personal injuries when he jumped off the Colorado River Bridge to avoid being hit by an 18–wheel truck driven by Benjamin Novicke. Appellee brought a personal injury lawsuit against Novicke and his employer and, under the Texas Tort Claims Act, Tex.Civ. Prac. & Rem.Code Ann. § 101.021, et seq., against the State of Texas, by and through the Texas Department of Transportation (state). Judgment was entered against all defendants, and only the state appeals from the judgment entered against it for damages of $250,000.00.

In three points of error, the state argues that the evidence is legally and factually insufficient to support the jury findings, and that there was no casual connection between the state's conduct and appellee's injuries. We reverse and render.

On the date of the accident, 30 employees of Gilbert Central Construction Corp. were working as a construction crew on a bridge that crosses the Colorado River. Benjamin Novicke, a truck driver, was driving a 20,-000 pound 18–wheeler westbound on Interstate–10 through Columbus, Texas. While driving, Novicke fell asleep. Novicke drove past a sign warning "ROAD CONSTRUCTION NEXT 5 MILES," collided with a blinking arrow board that was hitched to a trailer, plowed over 150 to 200 feet of tapered orange warning cones and crashed into a vehicle parked on the bridge before coming to a stop against the concrete guard rail.

Amid frantic shouts, construction workers repairing the bridge ran from the oncoming truck. One construction worker was run over and killed. Two other construction workers, Reimundo Guerra, appellee, and his supervisor, Randy Clark, jumped off the bridge, falling 25 feet before hitting the ground. Guerra and Clark were employees of Gilbert Central Construction Corp.

Appellee alleged that the state was negligent for failing to set up a sufficient number of warning devices in front of the construction site, or alternatively, failing to warn of a special defect, "the condition of the roadway which was under construction, under repair, under inspection, and occupied by [appellee] and others and obstructed."

Appellee's claims were submitted to the jury on a premises defect theory. The jury found the bridge was in a dangerous condition at the time of the accident; the state knew of the dangerous condition; appellee did not know of the dangerous condition; the state failed to give a warning of the dangerous condition; and the state's negligence in failing to warn was a proximate cause of appellee's injuries and damages. These were the controlling issues. *See*

*State Department of Highways and Public Transportation v. Payne,* 838 S.W.2d 235 (Tex.1992).

In its first point of error, the state argues that the trial court erred in overruling its motion for judgment N.O.V. because the evidence is not legally sufficient to support the jury's finding that the state failed to warn of a dangerous condition.

Question 9 submitted to the jury asked, "Did the State Department of Highways and Public Transportation, ... fail to give a warning of any such dangerous condition?" The jury answered "yes."

 Appellee, having the burden of proof on the issue of whether the state failed to give a warning of the dangerous condition, received a favorable response. The state attacks that finding on the basis that there is no evidence to support such finding. When legal insufficiency of the evidence is alleged, this court must consider only the evidence and inferences that support the challenged findings, and will disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). If we find any probative evidence that supports the jury finding, the point will be overruled. *Anthony Pools v. Charles & David, Inc.,* 797 S.W.2d 666, 675 (Tex.App.—Houston [14th Dist.] 1990, writ denied). If, however, a search of the record discloses no probative evidence, then the court will sustain the point and reverse and render judgment. *National Life and Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex. 1969).

 There is absolutely no evidence that there was no warning of the dangerous condition. Even appellee's own evidence shows that there were three warnings before the bridge: a sign in the customary yellow and black hazard colors, warning "ROAD CONSTRUCTION NEXT 5 MILES;" a flashing arrow board, about 200 feet in front of the bridge; and fluorescent orange cones spanning about 150 to 200 feet of highway leading to the bridge and the construction site. Our search of

the record reveals that there simply is *no evidence* to support the jury finding that the state failed to give a warning of the dangerous condition. Appellee does not point to any evidence which shows that the state failed to give a warning of the dangerous condition. Instead, he contends that the state failed to *adequately warn* of the dangerous condition. In his brief he argues:

> The issue in this case was whether the Department failed to give any of the warnings it should have. The issue was not whether the Department gave any warning it should have given.
>
> The Department failed to give:
>
> 1. A warning by use of 780 feet of channeling cones;
>
> 2. A warning by use of a flagman;
>
> 3. A warning by use of three warning signs closer to the bridge.

However, the question of an *"adequate warning"* was not the question submitted to the jury, and appellee did not object to the question as submitted. We are therefore bound to review the evidence in light of the question as submitted. *See Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985).

Appellee argues that since "the trial attorney for the state convinced the Judge to use the words in questions 9 and 9a [and], did not object to questions 9 and 9a," it is therefore precluded from having "its appeal lawyer try to change the meaning of the question and the meaning of the word 'a' used in the question." Assuming, without deciding, that the rule advocated by appellee would be applicable to the procedural posture of this case, the record does not support appellee's fact assertion.

After the evidence was closed, the trial judge submitted his proposed charge for objections. Appellee orally objected to Question 9 on the ground that "The way this issue is worded, it has reduced Guerra's cause of action to solely a warning case and no other theory of recovery whatsoever."[1] He requested that the question be worded "Was the State Department of

---

1. From the record before us we can not determine how Question 9 was originally worded.

Highways and Public Transportation acting through it's (sic) officer or employees negligent on April 25th, 1989, which would allow recovery under the other duties that are recognized under the Texas Tort Claims Act." The trial judge overruled the objection and denied the written request.[2]

The state objected to the charge because of "the omission of a question on which plaintiff relies which would read substantially as follows: Was the State Department of Highways and Public Transportation negligent in failing to warn of any such dangerous condition?" The following then transpired:

> THE COURT: Those objections are overruled and the record on the objections is now closed, unless for any reason it needs to be open. The order will reflect that the Court, in light of State's objection to Question Number 9 has modified the submission of Question Number 9 and submits Questions 9 and 9–A.[3] Are there any objections to Questions 9 and 9–A from any of the plaintiffs?
> MR. LETBETTER (for Guerra): None.
> THE COURT: From the Defendants Novicke and Nelson?
> MR. SOECHTING: None, Your Honor.
> THE COURT: From the State Department of Transportation?
> MR. JEFFORDS: There are none, Your Honor.
> THE COURT: The record is now closed. Bring in the jury, please, Mr. Lattimore.

Thus, from the record before us, appellant did not request the question be worded in the manner it was worded by the judge, and appellee did not object to the final wording of the question.

All the evidence supports the opposite of the jury finding; the state did give a warning of the dangerous condition, and it is therefore our duty to sustain the point of error. As stated by the supreme court:

> It is the province of the jury to decide the issues which are raised by conflicting evidence, but where there is evidence

upon an issue and there is no evidence to the contrary, then the jury has not the right to disregard the undisputed evidence and decide such issue in accordance with their wishes.

*Texas & N.O.R. Co. v. Burden,* 146 Tex. 109, 203 S.W.2d 522, 530 (1947).

In addition, we further agree with the state that appellee is precluded from disputing that a warning of the dangerous condition was given because in appellee's live pleading he admitted that there were at least two warning signs before the accident site. Appellee is bound by this judicial admission as the "fact is conclusively established in the case without the introduction of the pleadings or presentation of other evidence." *Houston First American Savings v. Musick,* 650 S.W.2d 764, 767 (Tex.1983). We sustain the state's first point of error. In view of our disposition of this controlling issue, we decline a discussion of the other points.

The judgment is reversed and here rendered that appellee take nothing against the state.

BOWERS, J., dissents.

---

**2.** We have been unable to find the written request in the record. We know, however, what his request was from the court reporter's transcript.

**3.** Question 9 asked whether the state failed to give a warning; Question 9–A, conditioned upon an affirmative answer to Question 9, asked: "Was such failure to warn negligence?"