**CITY OF BEAUMONT, Texas and Officer Roberto Cruz Flores, Appellants,**

v.

**Gwen Lewis GALLIEN, Appellee.**

No. 09–96–169 CV.

Court of Appeals of Texas, Beaumont.

Submitted May 22, 1997.

Decided July 10, 1997.

Published in Part Pursuant to Tex. R. App. P. 90.

Tyrone Cooper, Assistant City Attorney, Bruce W. Cobb, Beaumont, for appellants.

Thomas M. Stanley, Stanley & Associates, Houston, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

WALKER, Chief Justice.

This appeal results from entry of judgment based upon jury verdict in the 172nd District Court in and for Jefferson County, Texas, Honorable Donald J. Floyd, presiding. The jury was charged with only one question relating to damages suffered by appellee, Gwen Lewis Gallien. Appellants, City of Beaumont and Officer Roberto Cruz Flores, stipulated liability and did not dispute that Gwen Gallien was injured as a result of the automobile accident on April 30, 1991. Appellants further advise the jury that it was not disputed that Gwen Gallien should be

entitled to compensation to help her diagnose her problem and get the initial problem treated. In this appeal, appellants only challenge the amount of the jury award and whether judgment is proper against Officer Roberto Flores in view of § 101.106 of the Texas Civil Practice and Remedies Code.

## FACTUAL NATURE OF THE CASE

On April 30, 1991, Gwen Gallien was stopped at a stop sign in the City of Beaumont. When she began to move forward in her Chevy Blazer, a vehicle operated by appellant Flores came through the intersection with no siren or lights flashing, striking appellee's vehicle and causing same to spin around. Appellee's vehicle finally came to rest in a nearby yard. An ambulance was summoned to the scene and appellee was transported to a local hospital. Appellee received a cut to her head which required several stitches.

Appellants have never contended that appellee sustained no injury. Their sole contention is that the nature and extent of the damages sustained by appellee does not justify the $75,000 award made by the jury.

## POINT OF ERROR FOURTEEN

█ In point of error fourteen, appellants contend that the trial court erred in entering judgment against appellant Roberto Flores as § 101.106 of the Texas Civil Practice and Remedies Code allows entry of judgment against the City of Beaumont only.

The express language of TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 1997) provides:

> 101.106 Employees Not Liable After Settlement or Judgment
>
> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Appellee contends that since appellant Roberto Cruz Flores stipulated to negligence

and did not raise the issue of § 101.106 as an affirmative defense at trial, appellant Flores has now waived his challenge for immunity. Appellee cites *Davis v. City of San Antonio*, 752 S.W.2d 518 (Tex.1988) for the proposition that governmental immunity is an affirmative defense which may be waived. We do not disagree with this general statement by our highest court. However, we must look further to the case of *Thomas v. Oldham*, 895 S.W.2d 352 (Tex.1995) to determine the true effect of § 101.106. In *Thomas*, the court held that a judgment in an action against a governmental unit under the tort claims act bars the simultaneous rendition of judgment against the employee whose actions gave rise to the claim. *Id.* at 357.[1]

█ We disagree with appellee that appellant Flores may not attack the rendition of judgment on appeal without having preserved such complaint at trial court level. Until judgment was rendered against the City of Beaumont, Flores had no statutory basis to assert the bar provided by § 101.106. We believe the legislative intent in adopting § 101.106 was to provide employees such as Officer Flores with immunity exceeding the technical failure to raise the defense prior to judgment. Appellants' point of error fourteen is sustained. That portion of the judgment regarding appellant Flores is reversed, and judgment is rendered that appellee take nothing from appellant Flores.

The remainder of this opinion does not meet standards for publication pursuant to TEX.R.APP. P. 90(c) and thus is ordered not published.

We affirm the trial court's judgment in part; and reverse and render in part.

---

1. Even if a judgment against appellant Flores were somehow sustainable, the language of § 101.106 clearly indicates that appellee would be precluded from initiating "any action" in an attempt to execute on said judgment.