Opinion issued May 10, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00839-CV






MIKE MUSSELWHITE, MIKE'S POOLS AND SPAS, PAT STALSBY, and
AMANDA WATSON, Appellants


V.


JOHN HOWARD, Appellee






On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2002-47293






MEMORANDUM OPINION

 Appellants, Mike Musselwhite, Mike's Pools and Spas, Pat Stalsby, and
Amanda Watson, appeal from the trial court's judgment that found them liable for
negligence, gross negligence, libel and slander, business libel and slander, malicious
prosecution and conspiracy against appellee John Howard. The case was tried before
the bench, and the trial court awarded Howard $20,000 in damages. In four issues
concerning the claim for malicious prosecution, appellants contend that the evidence
is legally and factually insufficient to support the trial court's findings (1) that a
malicious prosecution was caused by or through the aid and cooperation of
appellants, (2) that a malicious prosecution "terminated in favor" of Howard, (3) that
appellants had no probable cause to report a crime to law enforcement, and (4) that
appellants' reporting of a crime was founded in malice. Appellants' three remaining
issues challenge the legal and factual sufficiency of the court's finding of negligence,
libel and slander, and conspiracy. We conclude that the evidence is legally and
factually sufficient to support Howard's malicious prosecution claim. We therefore
do not reach the appellant's assertions that relate to Howard's other causes of action. 
We affirm.

Background

 Appellant Mike Musselwhite owns Mike's Pools and Spas. Appellant Pat
Stalsby is Musselwhite's mother, and the owner of the property on which Mike's
Pools and Spas is located. Appellant Amanda Watson is Stalsby's daughter and
Musselwhite's sister. 

 Appellee John Howard co-owned Planet Recreation, a business similar to
Mike's Pools and Spas, with his live-in girlfriend Terry Watson, Amanda's husband's
sister. Terry became angry with appellants when they located Mike's Pools and Spas
within 25 miles of Planet Recreation and entered into business relationships with
many of Planet Recreation's vendors.

 On January 3, 2003, a flat-bed trailer was stolen from Mike's Pools and Spas. (1) 
A security videotape showed the property during the theft. Recognizable on the tape
was a truck belonging to Donny Johnson, a delivery driver who had worked both for
Mike's Pools and Spas and for Planet Recreation. A woman is visible on the tape;
a second person briefly can be seen moving in the shadows. No details are apparent
regarding the second person. After approximately four minutes, the truck drives away
with the trailer in tow. 

 That March, after hearing testimony from appellants, a grand jury returned
indictments for felony theft against Howard and Terry. When informed of the
videotape's existence, Terry admitted that she stole the trailer with Johnson's help. 
She eventually accepted a plea bargain in exchange for deferred adjudication
community supervision, and the charges against Howard were later dropped. No
charges were ever filed against Johnson.

 The present case was initially brought by Terry, who later took a non-suit, and
Howard. Neither Terry nor any appellants were present at trial; appellants were
represented by counsel. Howard was the only person to testify. In addition to
attesting to the facts above, he stated that he was with Amanda's husband at the time
of the theft. Howard testified that Amanda should have known his alibi was true
because she saw him twice the night of the theft, first when she picked up her
husband, and later when she returned to pick up a coat that her husband had left
behind. He testified that Stalsby knew Johnson was involved because she went to
Johnson's house and photographed the truck. Howard also testified that he and Terry
told Stalsby, Musselwhite, and Amanda that Terry had taken the trailer without
Howard's involvement. 

 Howard related that he did not think the District Attorney wanted to file
charges in the case, but did so under pressure from Stalsby, Musselwhite, and
Amanda. He stated that after he and Terry posted bond, he learned that appellants
"said they had me on the videotape." Howard reported that the District Attorney
dropped the charges due to the videotape's failure to show Howard. He also testified
that he was allowed to listen to an audio tape in which appellants pressured the
District Attorney to re-open the case after it had been dismissed.

 After Howard was excused, the trial court viewed the videotape, and the parties
rested. The trial court found for Howard and awarded him $20,000.


Sufficiency of the Evidence

 Each of appellants' seven issues on appeal includes a complaint that the
evidence at trial was legally and factually insufficient to support a finding of liability
for the various claims brought by Howard. 

A. Standard of Review

 Appellants first raised evidentiary complaints in a motion for new trial, the
denial of which is not before this Court. The issues before us on appeal are somewhat
broader than the contentions in appellants' motion for new trial. However, when, as
here, trial is held without a jury, complaints of legal and factual insufficiency of the
evidence may be raised for the first time on appeal. Tex. R. App. P. 33.1(d); see also
Nelson v. Najm, 127 S.W.3d 170, 176 (Tex. App.--Houston [1st Dist.] 2003, pet.
denied). We therefore address appellants' sufficiency issues as briefed. 

 "The final test for legal sufficiency must always be whether the evidence at
trial would enable reasonable and fair-minded people to reach the verdict under
review." City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). We must credit
favorable evidence if a reasonable fact-finder could, and disregard contrary evidence
unless a reasonable fact-finder could not. See id. The evidence is legally sufficient
if it "would enable reasonable and fair-minded people to differ in their conclusions."
See id. at 822. As long as the evidence falls within the zone of reasonable
disagreement, "[a] reviewing court cannot substitute its judgment for that of the
trier-of-fact." Id. Although the reviewing court "must consider evidence in the light
most favorable to the verdict, and indulge every reasonable inference that would
support it[,] . . . if the evidence allows of only one inference, neither jurors nor the
reviewing court may disregard it." Id.

 In determining factual sufficiency, this Court weighs all the evidence, both
supporting and conflicting, and may set the finding aside only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); Comm'n of Contracts v.
Arriba Ltd., 882 S.W.2d 576, 582 (Tex. App.--Houston [1st Dist.] 1994, no writ). 
In reviewing this challenge, we again examine the evidence to determine whether
some evidence supports the trial court's finding. See Lewis v. United Parcel Serv.,
Inc., 175 S.W.3d 811, 817 (Tex. App.--Houston [1st Dist.] 2004, pet. denied). If
some evidence supports the finding, we determine, in light of the entire record,
whether the finding is so contrary to the great weight and preponderance of the
evidence that the finding is clearly wrong and manifestly unjust, or whether the great
weight and preponderance of the evidence supports nonexistence of the finding. Id. 
In an appeal from a bench trial, we may not invade the fact-finding role of the trial
court, which alone determines the credibility of the witnesses, the weight to give their
testimony, and whether to accept or reject all or any part of that testimony. 
Nordstrom v. Nordstrom, 965 S.W.2d 575, 580-81 (Tex. App.--Houston [1st Dist.]
1997, pet denied).

 When, as here, the trial court issues findings of fact and conclusions of law, we
may review the findings of fact on legal and factual sufficiency grounds and review
the conclusions of law de novo as a legal question. See BMC Software Belgium, N.V.
v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002). Although we may not review the
conclusions of law for factual insufficiency, we may review the trial court's legal
conclusions drawn from the facts to determine their correctness. Id.

B. Malicious prosecution

 In their first four issues, appellants assert that Howard presented legally and
factually insufficient evidence to prove liability for malicious prosecution.

1. Elements

 To recover on a claim of malicious prosecution, the plaintiff must establish:

 the commencement of a criminal prosecution against
the plaintiff;


 causation (initiation or procurement) of the action by
the defendant;


 termination of the prosecution in the plaintiff's
favor;


 the plaintiff's innocence;


 the absence of probable cause for the proceedings;


 malice in filing the charge; and


 damage to the plaintiff.


Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997). A plaintiff is
required to prove these elements by a preponderance of the evidence. Ellis County
State Bank v. Keever, 888 S.W.2d 790, 793 (Tex. 1994). Appellants contend that the
evidence is legally and factually insufficient to show that they initiated or procured
the action, that the prosecution terminated in Howard's favor, that they lacked
probable cause, and that they acted with malice in bringing charges.

2. Initiation or Procurement

 In their first issue, appellants contend that there is no evidence or the evidence
is legally and factually insufficient to support a finding of liability based on the
second element of Howard's malicious prosecution claim, initiation or procurement
of the action. Specifically, they state that Howard has not presented sufficient
evidence that they made any false statements to the District Attorney, or that the
District Attorney relied on any such statements in proceeding with Howard's
prosecution. See Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 294 (Tex.
1994). Appellants contend that Howard's only evidence that they knew their report
to the District Attorney was false was that Terry told appellants and others that she
stole the trailer without Howard's participation, a statement which they contend
appellants and the District Attorney were entitled to disbelieve. They further contend
that because the District Attorney did not testify at the trial, there was no evidence
that appellants made false statements to the District Attorney or that the District
Attorney relied on any false statements that may have been made.

 Howard responds that the evidence showed that the appellants knew that he did
not take the trailer. Regarding appellants' knowledge that the statements to the
District Attorney were false, Howard states that the evidence shows that:

 Amanda Watson knew Howard did not steal the
trailer because she picked up her husband at
Howard's house on the night the trailer was taken,
returning later for a coat her husband had left
behind;


 Stalsby knew Howard did not steal the trailer
because Johnson's truck was clear on the videotape,
and Stalsby would have recognized the truck;


 appellants all knew Howard did not steal the trailer
because Terry, who did take the trailer, told
appellants that Howard did not commit the offense
with her.


Howard further contends that the evidence shows that the charges against
him--brought two months after the theft--were filed solely because appellants
claimed the security camera videotape clearly showed Howard taking the trailer, a
statement that they knew to be false.

 For a finding that a plaintiff has met the initiation-or-procurement element of
a malicious prosecution claim where the decision to prosecute is left to a law
enforcement official or the grand jury, the evidence must show that the defendant
knowingly provided false information, and also that the false information caused a
criminal prosecution. King v. Graham, 126 S.W.3d 75, 76 (Tex. 2003). "[T]he
plaintiff has the burden of proving that that decision would not have been made but
for the false information supplied by the defendant." Id. at 78. 

 We may not invade the fact-finding role of the trial court in a trial before the
bench. See Lilley v. Lilley, 43 S.W.3d 703, 705-06 (Tex. App.--Austin 2001, no
pet.). The trial court's fifth finding of fact states that "The defendants . . . filed a
criminal complaint for the theft of a trailer with the Liberty Couny, Texas District
Attorney against . . . Howard." In its sixth finding of fact, the trial court found that
"The Liberty County, Texas Grand Jury, after hearing testimony from [appellants],
returned a true bill indictment of . . . Howard for said theft." In its thirteenth finding
of fact, the trial court stated that "The court finds by a preponderance of the evidence
that [appellants] . . . commenced a criminal prosecution against John Howard." In the
light most favorable to the verdict, we conclude that the evidence shows that the
defendants initiated or procured the accusations against Howard by knowingly using
false information. Howard testified that Amanda knew he was not at the crime scene
on the night the trailer was taken; that Stalsby recognized the truck on the security
video as belonging to Johnson; and, that each defendant was told by Terry that
Howard did not participate in the theft. The trial court, in accordance with Howard's
testimony that the District Attorney only filed charges after appellants "started
making accusations that they were going to file charges," found that appellants filed
a criminal complaint against Howard. The trial court further found, in accordance
with appellants' counsel's concession at trial, that appellants testified before a grand
jury that then returned an indictment for theft against Howard. Viewing this evidence
in a light most favorable to the trial court's judgment, we conclude that the evidence
is legally sufficient to establish the element of initiation or procurement.

 Concerning our factual sufficiency of the evidence review, weighing all the
evidence both for and against a finding on the element of initiation or procurement,
we conclude that the finding of liability is neither clearly wrong nor manifestly
unjust. As stated above, there is some evidence in support of the court's finding that
appellants knowingly made false statements to the District Attorney and that the
District Attorney would not have proceeded against Howard but for those statements. 
Because appellants direct us to no evidence in the record against the finding, and
because we have found none, we cannot conclude that the finding is contrary to the
overwhelming weight of the evidence. We hold that the evidence is both legally and
factually sufficient to sustain the trial court's finding on the second element of
malicious prosecution. We overrule appellants' first issue.

3. Termination in Howard's Favor

 In their second issue, appellants contend that there is no evidence or the
evidence is legally and factually insufficient to support a finding of liability based on
the third element of Howard's malicious prosecution claim, that the prosecution
terminated in his favor. They contend that Howard had the burden to show that he
was no longer in jeopardy of further prosecution. Citing the supreme court's opinion
in Davis v. City of San Antonio, they assert that to prove this element, Howard was
required to show that the criminal action terminated in his favor on the merits, or that
the prosecution cannot be revived. 752 S.W.2d 518, 523 (Tex. 1988). They state that
the only evidence Howard presented was his own testimony that the District Attorney
dismissed the charges against him, and that this evidence, without more, does not
prove this element of the cause of action. 

 Howard, citing the Restatement of Torts, responds that proceedings were
terminated in his favor when the prosecutor formally abandons those proceedings. 
See Restatement (Second) of Torts § 659 (1977) ("Criminal proceedings are
terminated in favor of the accused by . . . (c) the formal abandonment of proceedings
by the public prosecutor."). Here, he asserts, the indictment was dismissed and the
charges dropped because of insufficient evidence.

 Appellants present an incomplete statement of the law as presented in Davis. 
In that case, the supreme court said:

The City has not cited, nor have we found, any case
absolutely requiring a termination on the merits, e.g., a
verdict of "not guilty," as a necessary element of a cause of
action for malicious prosecution. Instead, the essential
question seems to be whether "the proceedings have
terminated in favor of the accused." Restatement
(Second) of Torts § 653(b) (1977). Even when the
termination is indecisive as to the accused's guilt, it is
nevertheless favorable if the prosecution cannot be revived.
Id. at § 660, cmt. g. An exhibit admitted at trial indicates
that the prosecuting attorney formally requested dismissal
of all charges against Davis because of limitations
problems. 


Davis, 752 S.W.2d at 523. We note that, here, the evidence indicates that the
prosecution of Howard was dismissed because the prosecutor determined that there
was no evidence of his guilt--the charges were dismissed after the District Attorney
viewed the videotape, which does not show Howard. Comment g, cited favorably by
the court in Davis, elaborates on the "revival of prosecution" rule relied on by
appellants, stating that "the abandonment of particular proceedings does not
constitute a final termination of the case in favor of the accused. Only an
abandonment of the charge brought against him will suffice." Restatement
(Second) of Torts § 660, cmt. g. 

 Viewing the evidence in a light most favorable to the trial court's verdict,
Howard's testimony established that the prosecutor abandoned the charge brought
against him, and not merely "particular proceedings." We hold that the evidence is
legally sufficient to support the trial court's finding in Howard's favor on the element
that requires proof that the termination of the proceedings was in Howard's favor.
Furthermore, because appellants direct us to no evidence in the record against the
finding, and because we have found none, we cannot conclude that the finding is
contrary to the overwhelming weight of the evidence. We hold that the evidence is
also factually sufficient to sustain the trial court's finding on the third element of
malicious prosecution. We overrule appellants' second issue.

4. Probable Cause

 In their third issue, appellants contend that there is no evidence or the evidence
is legally and factually insufficient to support a finding of liability based on the fifth
element of Howard's malicious prosecution claim, that appellants lacked probable
cause to bring proceedings against Howard. They contend that "[i]t is undisputed that
Appellants['] truck had been stolen and that the video revealed that Terry Watson (the
girlfriend of Appellee) was involved along with another male who Appellants
believed to be Appellee." They further contend that they were under no duty to
inquire into Howard's alibi. See Richey, 952 S.W.2d at 518 (quoting Marathon Oil
Co. v. Salazar, 682 S.W.2d 624, 627 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd
n.r.e.) ("A private citizen has no duty to inquire of the suspect whether he has some
alibi or explanation before filing charges.")). They again point out that Howard did
not call the District Attorney "to establish what facts offered by Appellants that he
relied on, if any, in establishing whether there was probable cause that a crime had
been committed."

 Howard responds that Amanda had no probable cause to believe he took the
trailer, because she knew he was home that night. He further contends that appellants
as a group had no probable cause to believe he took the trailer because Terry Watson
told them the next day that she had taken it with Johnson's help. Finally, Howard
points to the videotape, where Johnson's truck was recognizable but where he could
not be seen. Taken together, Howard argues, "the beliefs and evidence Appellants
acted on did not amount to probable cause." 

 Probable cause is defined as "'the existence of such facts and circumstances as
would excite belief in a reasonable mind, acting on the facts within the knowledge of
the prosecutor [complainant], that the person charged was guilty of the crime for
which he was prosecuted.'" Richey, 952 S.W.2d at 517 (quoting Akin v. Dahl, 661
S.W.2d 917, 921 (Tex. 1983), cert. denied, 466 U.S. 938, 104 S. Ct. 1911 (1984)).

 In malicious prosecution actions, we are to presume that the defendant acted
reasonably and in good faith and had probable cause to initiate the proceedings.
Richey, 952 S.W.2d at 517. "That presumption disappears once a plaintiff produces
evidence that the motives, grounds, beliefs, and other evidence upon which the
defendant acted did not constitute probable cause." Id. at 518. The burden then shifts
to the defendant to offer proof of probable cause. Id. In determining probable cause
for the purposes of a malicious prosecution claim, "[i]t is the events prior to the
institution of the proceedings which must be examined, and only those events, to
determine if the defendants had probable cause to act." Akin, 661 S.W.2d at 920. 
When, as here, the facts and events leading up to the initiation of prosecution are
undisputed, probable cause is therefore a question of law. Richey, 952 S.W.2d at 518. 
The issue before this Court is therefore whether the undisputed facts underlying the
decision to prosecute support a reasonable belief that Howard was guilty of theft. See
id.

 Here, Howard presented legally and factually sufficient evidence to rebut the
presumption that appellants acted with probable cause. Viewing the evidence in the
light most favorable to the verdict, the trial court could reasonably have believed that
Howard's absence from the videotape and Terry's repeated statements declaring
Howard's innocence were facts and circumstances that would not excite belief that
Howard committed theft. The burden therefore shifted to appellants to present
evidence of probable cause. 

 Appellants' assertion that they had no duty to inquire into Howard's alibi
misstates the law. The supreme court has stated, "When the objective elements of a
crime reasonably appear to have been completed, a private citizen has no duty to
inquire whether the suspect has some alibi or explanation before filing charges." 
First Valley Bank of Los Fresnos v. Martin, 144 S.W.3d 466, 470 (Tex. 2004)
(emphasis added). Appellants presented no evidence that Howard was guilty of the
objective elements of a crime. Finally, despite their assertion in their appellate brief,
there is no evidence in the record before us that appellants believed that Howard was
one of the persons on the tape. We hold that the evidence is legally and factually
sufficient to support the trial court's finding that appellants lacked probable cause to
initiate proceedings against Howard. We overrule appellants' third issue.

5. Malice 

 In their fourth issue, appellants contend that there is no evidence or the
evidence is legally and factually insufficient to support a finding of liability based on
the sixth element of Howard's malicious prosecution claim, malice in initiating or
procuring the theft charge against Howard. They state that Howard presented no
evidence or legally and factually insufficient evidence to show malice because they
were under no duty to inquire into Howard's alibi, and because they were free to
disbelieve Terry's statements that Howard did not participate in the theft.

 In response, Howard reiterates that:

 Terry confessed to the crime, and stated that Howard
was not involved;


 Howard did not appear on the security videotape;


 Stalsby would have recognized Johnson's truck from
the videotape; and


 Amanda knew Howard was home on the night of the
theft.


He states that appellants pressured the District Attorney to bring charges despite the
above knowledge, and that they tried to get the District Attorney to re-open the case
after charges were dismissed.

 Malice is defined as "ill will or evil motive, or such gross indifference for the
rights of others as to amount to a knowing, unreasonable, wanton, and willful act." 
Luce v. Interstate Adjusters, Inc., 26 S.W.3d 561, 566 (Tex. App.--Dallas 2000, no
pet.). Howard stated that at the District Attorney's office, he was allowed to listen
to phone calls and audio tapes in which Stalsby and Amanda stated that they did not
care whether he was guilty or not. The trial court entered a finding of fact that states,
"The court finds that with regard to the truth of the statement, [appellants] were acting
with malice."

 Viewing the evidence in a light most favorable to the trial court's judgment, the
evidence supports the contention that the bringing of theft charges against Howard
was a knowing, unreasonable, wanton, and willful act. Furthermore, fair disclosure
is relevant to the question of malice. Martin, 144 S.W.3d at 470. Howard's
testimony (1) that appellants knew or had been told that he had not committed the
crime, (2) that the District Attorney only brought charges after appellants started
making accusations, (3) that appellants based their accusations on a videotape on
which Howard does not appear, and (4) that the District Attorney played Howard a
tape where appellants asked that the case be reopened after it was dismissed, all lends
further support a finding of malice. 

 We hold that Howard presented legally sufficient evidence to support the trial
court's finding that appellants acted with malice in initiating or procuring theft
charges against Howard. Furthermore, because appellants direct us to no evidence
in the record against the finding, and because we have found none, we cannot
conclude that the finding is contrary to the overwhelming weight of the evidence. We
hold that the evidence is also factually sufficient to sustain the trial court's finding on
the third element of malicious prosecution. We overrule appellants' fourth issue.

C. Remaining claims

 If, as here, a case is tried on more than one alternative theory of recovery, and
the fact-finder returns favorable findings on more than one of those theories, then if
one of the theories is declared invalid on appeal, then the plaintiff may still recover
under the alternative theory. See Durban v. Guajardo, 79 S.W.3d 198, 207 (Tex.
App.--Dallas 2002, no pet.) (citing Boyce Iron Works, Inc. v. Sw. Bell Tel. Co., 747
S.W.2d 785, 787 (Tex. 1988)). Having overruled appellants' sufficiency of the
evidence complaints relating to Howard's malicious prosecution claim, we need not
reach appellants' remaining issues, because even if we invalidated all of Howard's
remaining claims, we would still affirm the trial court's award of damages under his
valid claim.


 Conclusion


 We affirm the judgment of the trial court.




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. The trailer was recovered a few weeks later, apparently undamaged, after an
unidentified person called police and told them where it was located.